F I L E D
**United States Court of Appeals
Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

XIANGWEN WU,

Plaintiff - Appellant,

v.

JOSEPH L. CLARK, Salt Lake City
Police Officer,

Defendant - Appellee.

No. 04-4102

(D.C. No. 2:03-CV-471-PGC)

(D. Utah)

ORDER AND JUDGMENT  *

Before **TACHA** , Chief Judge,  **BRISCOE** , and **HARTZ** , Circuit Judges.

Plaintiff Xiangwen Wu, appearing pro se, appeals the district court's grant

of summary judgment dismissing his 42 U.S.C. § 1983 complaint against

Salt Lake City Police Officer Joseph Clark.  Plaintiff also appeals the court's

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his motion for default judgment. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiff's complaint arises from the response of Salt Lake City police officers to a domestic-violence 911 call placed by Zhongxin Li, Plaintiff's ex-wife, on November 17, 1997. Arriving at the scene at approximately 8:00 a.m., Defendant Clark spoke with Li. Li informed Clark that she and Plaintiff were divorced and produced court papers from the divorce proceedings. Although Plaintiff claimed that he rented a room in the house, Li asserted that she was the only legal occupant and that Plaintiff did not have a rental agreement. Li, who appeared agitated, said she feared Plaintiff. Clark concluded that he was facing a potential domestic-violence situation. He asked Plaintiff to go outside and, once outside, told Plaintiff that he needed to leave. Although Plaintiff walked away, he returned a few minutes later while Clark was still at the scene, and he then refused to leave. Clark, concerned for Li's safety and potential domestic violence, arrested Plaintiff.

During a search incident to the arrest, police officers recovered a ring of keys from Plaintiff's pocket. Li had requested that the officers retrieve the house key from Plaintiff, but she had already left the scene when the keys were retrieved. Clark, unable to identify the correct key, left the keys with another officer at the scene. Li did not return before the other officer departed, so all the

-2-

keys were delivered to Li the next day by a police trainee. Plaintiff did not object to the seizure of the keys and he neither informed the officers which key opened Li's house nor that any key secured valuable personal property.

Upon release from custody, Plaintiff, accompanied by a Salt Lake City Police Officer, returned to Li's house to retrieve his belongings. He alleges that while gathering his possessions he discovered that $88,000 in cash was missing from a locked container he kept in the house. The key for the container was allegedly on the ring given to Li by the police trainee. Plaintiff's complaint alleges that Clark violated his Fourth Amendment rights by arresting him without probable cause, that Clark deprived him of his property and liberty rights under the Fifth and Fourteenth Amendments by giving the keys to Li, and that Clark evicted him from his legal dwelling in violation of the Due Process Clause of the Fourteenth Amendment.

Clark initially responded to the complaint by filing a Fed. R. Civ. P. 12(b)(6) motion to dismiss on the ground that the complaint was barred by the statute of limitations. Plaintiff filed both (1) a motion to strike Clark's motion to dismiss and (2) a motion for default judgment for failure to file a timely answer to the complaint. The district court denied Clark's motion and Clark then answered the complaint. The court subsequently issued an order denying Plaintiff's motions to strike and for default judgment. Plaintiff appealed the denial, but this

court dismissed the appeal for lack of a final judgment. Plaintiff once again filed motions to strike and for default judgment, which the district court again denied. Clark later filed a motion for summary judgment on the ground that he was entitled to qualified immunity because his actions did not violate Plaintiff's constitutional rights. The court granted Clark's motion and this appeal followed.

A party is entitled to summary judgment when "'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (quoting Fed. R. Civ. P. 56(c)). We review a district court's grant of summary judgment de novo and "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Id.*

Once a § 1983 defendant asserts a qualified-immunity defense, the plaintiff is required to show that (1) the defendant violated a constitutional or statutory right and (2) the right violated was clearly established when the violation occurred. *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002). A right is clearly established when it is "clear to a reasonable officer that his conduct [is] unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Although the officer may be mistaken as to what the law

requires, he is still entitled to qualified immunity if the mistake was reasonable. *Id.* at 205.

We agree with the district court that summary judgment was appropriate. Clark submitted an affidavit detailing his actions in response to the domestic-violence 911 call from Li's home. He asserts that his actions lawfully employed reasonable means to protect Li and prevent further harm. He further argues that Plaintiff had no constitutional right to remain at the house after the domestic-violence allegation and Li's claim that there was no rental agreement. Although Plaintiff offered in opposition to summary judgment (1) his own translation of a foreign-language document purporting to be a lease and (2) an affidavit from Li stating that Plaintiff was renting a room, he does not challenge Clark's statement that at the time of the incident, Li denied that Plaintiff had any right to remain in the house. There may be a dispute as to whether Plaintiff had a lease, but there is no dispute that Clark was not made aware of that lease. Furthermore, it is also undisputed that Plaintiff did not tell Clark which key was the house key or that any key opened a container secreting valuable personal property. Plaintiff's response fails to provide any legal or evidentiary authority that creates a genuine issue of material fact. We AFFIRM the summary judgment for substantially the same reasons provided by the district court in its order.

We review the district court's denial of a motion for default judgment for an abuse of discretion. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997). Clark filed a Rule 12(b)(6) motion and the court denied that motion. Rule 12(a)(4)(A) allowed Clark 10 days after the court's denial of the Rule 12(b)(6) motion to file a responsive pleading. Clark met this requirement and default judgment was therefore unavailable. The district court properly denied Plaintiff's motion for default judgment.

Accordingly, we AFFIRM the district court's summary judgment. We GRANT Plaintiff's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge